IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| JOHN W. GREGORY, | ) |
| --- | --- |
| *Plaintiff*, | ) |
| v. | ) Civil No. 1:18-cv-16 |
| MICHAEL L. CHAPMAN, et al., | ) Hon. Liam O'Grady |
| *Defendants*. | ) |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Motions to Dismiss by Defendant Michael Chapman (Dkt. 14) and Defendants Board of Supervisors of Loudoun County, Virginia ("the Board") and Defendant Loudoun County, Virginia ("the County") (Dkt. 17). Because the factual and legal issues are adequately presented in the materials before the Court, we dispense with oral argument and will resolve the motions on the record. For the reasons explained below and for good cause shown, the motions (Dkt. 14; Dkt. 17) are **GRANTED** and this case is hereby **DISMISSED**.

### I. Background

On June 14, 2015, Plaintiff John W. Gregory, in his capacity as a law enforcement officer and an employee of the Loudoun County Sheriff's Office, arrested an individual named Lyle Grenoble for public intoxication. Mr. Grenoble allegedly manifested signs of resistance and aggression. When they reached the station and as Mr. Grenoble exited Plaintiff's cruiser, Plaintiff threw Mr. Grenoble to the ground. As a result of this physical interaction, a criminal complaint for assault and battery was filed against Plaintiff in the General District Court of Loudoun County. On November 17, 2015, the court found Plaintiff guilty, and Plaintiff thereafter appealed his conviction.

1

Shortly thereafter, Defendant Sheriff Michael Chapman sent Plaintiff notice that he was considering terminating Plaintiff's employment based on the conviction. *See* Dkt. 15, Ex. 1B. In his letter, Sheriff Chapman gave Plaintiff formal notice that he was considering terminating Plaintiff based on serious misconduct. The letter informed Plaintiff that Sheriff Chapman would give Plaintiff an opportunity to meet and to present any evidence or mitigating circumstances for Sheriff Chapman's consideration. Sheriff Chapman ultimately terminated Plaintiff's employment on December 7, 2015. *See* Dkt. 15, Ex. 1C.[1]

On May 4, 2016, a grievance panel reviewed Sheriff Chapman's termination decision. The panel found in Plaintiff's favor and recommended that the Loudoun County Sheriff's Office consider reinstating Plaintiff upon a finding of not guilty by the Loudoun County Circuit Court in the appeal of his conviction before the General District Court judge. On May 16, 2016, Sheriff Chapman sent Plaintiff a letter affirming his decision to terminate Plaintiff's employment. *See* Dkt. 15, Ex. 1D. The letter indicates that upon review of all the information presented to him, including the grievance panel's decision, Sheriff Chapman decided to affirm his original decision to terminate Plaintiff. *Id.* On November 28, 2016, a jury in the Circuit Court of Loudoun County found Plaintiff not guilty of assault and battery.

Plaintiff subsequently brought suit in the Circuit Court of Loudoun County, alleging a variety of claims against Sheriff Chapman, the Board, and the County. That case was removed to this Court on January 3, 2018. Plaintiff filed an Amended Complaint on January 29, 2018. He asserts the following claims: (1) deprivation of a liberty interest under the Fourteenth Amendment by all defendants; (2) deprivation of a property interest under the Fifth Amendment by all defendants; (3) violations of his rights under the Virginia Constitution by all defendants;

---

[1] The termination letter indicates that Plaintiff took advantage of the meeting offered by Sheriff Chapman in his initial letter, and that Plaintiff met with Sheriff Chapman and Lieutenant Colonel Robert Buckman on December 3, 2015.

2

(4) unlawful termination under Virginia law by all defendants; (5) breach of contract by all defendants; and (6) defamation by Sheriff Chapman. For the reasons explained below, all six of Plaintiff's claims fail, and must be dismissed.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

While "detailed factual allegations" are not required, Rule 8 demands that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

## III. Analysis

### a. *Plaintiff has failed to state a claim for defamation*

Plaintiff asserts that Sheriff Chapman made defamatory statements to various news media outlets and to Plaintiff's current employer, the Chief of Police. Specifically, Plaintiff points to comments made by Sheriff Chapman to news media in which Sheriff Chapman stated that he

3

found the video footage of the Grenoble incident "very disturbing," and stated that he "knew something had to be done." Dkt. 12 at 7.

Courts in the Fourth Circuit apply a four-factor test to determine whether a particular statement constitutes a constitutionally-protected opinion. *See Hanks v. Wavy Broadcasting, LLC*, Civ. No. 2:11-cv-439, 2012 WL 405065, at *9 (E.D. Va. Feb. 8, 2012). They consider: (1) the speaker's choice of words; (2) whether the challenged statement is capable of being objectively characterized as true or false; (3) the context of the challenged statement within the speech as a whole; and (4) the broader social context into which the statement fits. *Id.*

Here, Sheriff Chapman's statements do not meet the second prong of the analysis. Sheriff Chapman's statement that he found the video to be "very disturbing" cannot be objectively characterized as true or false, as it reflects his emotional reaction to observing the video. Similarly, his statement that he "knew something had to be done" cannot be characterized as true or false because it reflects his personal assessment of the necessary reaction to the video. To the extent that Plaintiff claims the statements in the Proposal for Termination letter were defamatory, Sheriff Chapman merely describes his own conclusions regarding Plaintiff's actions and whether they expose the department to disrepute ("I find . . ."). Thus, the statements to which Plaintiff assigns defamatory meaning are clear expressions of opinion, and this claim must be dismissed. *See Hanks* at *9 ("The second factor is a minimum threshold that all Plaintiffs must meet to sustain a cause of action—if words cannot be described as true or false, they are not actionable.").

### b. *Plaintiff has failed to state a claim regarding deprivation of a liberty or property interest*

Plaintiff also fails to state a claim regarding alleged violations of his liberty interests. Plaintiff claims that his wrongful termination, in conjunction with public defamation propagated

4

by Sheriff Chapman, deprived Plaintiff of his Due Process rights. Dkt. 12 at 20. To state a liberty interest claim in the context of termination of employment, the Plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination; and (4) were false. *See Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007).

Here, Plaintiff's claims fail because none of the statements attributed to Sheriff Chapman were false. *See Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 312 (4th Cir. 2006) ("There can be no deprivation of liberty unless the stigmatizing charges at issue are false."). As explained above, the statements (including the statement in the letters regarding Plaintiff's termination) were expressions of Sheriff Chapman's opinion. The Supreme Court has warned against turning the Due Process Clause into a "font of tort law" by permitting plaintiffs to constitutionalize state tort claims through artful pleading, and this case seems to fit that description. *See Shirvinski v. United States Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012) (citing *Daniels v. Williams*, 474 U.S. 327, 332 (1986)).

Additionally, Plaintiff fails to state a claim as to deprivation of a property interest. Courts have held that sheriff's deputies in Virginia do not have a protected property interest in their continued employment because they are at-will appointees serving at the discretion of their sheriff. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 106-07 (4th Cir. 1990) ("Because deputy sheriffs in Virginia have no protectable property interests as a matter of state law, they are not entitled to any federal due process protection.").[2] Plaintiff cannot rely on the Cooperative Agreement to create a legitimate claim to entitlement because the agreement clearly states that "this Agreement conforms to the provisions of § 15.2-1603 of the Code of Virginia, 1950

---

[2] For the same reason, Plaintiff's claim of a violation of his rights under the Virginia Constitution fails, and his claim of wrongful termination under Virginia law fails. *See Rowan v. Tractor Supply Co.*, 559 S.E.2d 709 (Va. 2002).

edition, as amended, and *does not abrogate the Sheriff's full authority to direct and control his deputies and to remove them from appointment."* See Dkt. 18-2 at 2 (emphasis added).

### c. *Plaintiff has failed to state a claim for breach of contract*

Plaintiff has failed to state a claim for breach of contract by Sheriff Chapman. As explained above, Plaintiff was an at-will appointee of the sheriff. Second, the letter that Plaintiff characterizes as an employment contract was not executed by Sheriff Chapman, but rather by his predecessor Sheriff Simpson. *See* Dkt. 15, Ex. 1A. The plain language of the letter indicates that Plaintiff's employment would end automatically with the end of Sheriff Simpson's term. *See id.* ("[Y]ou should know that your employment with the County will end automatically with the term of the current Sheriff.").

The cases cited by Plaintiff in support of his argument to the contrary are distinguishable. In *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987), the Court held that when an employee enters the employment of another for a definite period (one year or less) and continues in that employment after the expiration of the agreed period, without any new agreement, a rebuttable presumption arises that the contract has been renewed for a life term. *Id.* at 465. But here, the offer letter does not create an employment agreement for a definite period of one year of less. By the clear terms of the letter, Plaintiff was offered employment at will, with such employment relationship to continue until Sheriff Simpson's term. *See* Dkt. 15, Ex. 1A. And in *Briggs v. Waters*, 455 F. Supp. 2d 508 (E.D. Va. 2006), the Court held that the plaintiff could hold a successor sheriff liable for alleged violations of Title VII, applying successor liability rules under federal law. *Id.* at 514. However, the *Briggs* court's analysis was made in the context of providing injunctive relief to prevent further discrimination in violation of Title VII, and is thus unhelpful in this Court's analysis of successor liability as to a purported employment contract. *Id.* Therefore, even drawing all reasonable inferences in Plaintiff's

favor, the Court finds no basis by which Sheriff Chapman can be bound by the terms of an offer letter made by his predecessor.

### d. *Sheriff Chapman is Protected by Qualified Immunity*

Plaintiff's claims against Sheriff Chapman in his individual capacity fail because Sheriff Chapman is protected by qualified immunity, as his actions did not violate a clearly established constitutional right (for the reasons explained above). *See Saucier v. Katz*, 533 U.S. 194, 200, 201 (2001). With regard to Plaintiff's termination, the law clearly supports Sheriff Chapman's conclusion that he had the authority to terminate Plaintiff, one of his deputies, at will. Sheriff Chapman offered Plaintiff the opportunity to present mitigating evidence while the termination was under consideration, and Plaintiff was given the benefit of the Grievance Panel's consideration. With regard to Sheriff Chapman's allegedly defamatory statements, Sheriff Chapman merely described his own reaction to the video and his own assessment of whether Plaintiff's actions complied with the requirements of the handbook. Plaintiff points to no cases to support his assertion that Sheriff Chapman "knew or reasonably should have known" that his words violated Plaintiff's constitutional rights. Because the Court finds that Plaintiff has failed to make out a violation of a constitutional right, the Court need not consider whether the right at issue was clearly established at the time of the alleged misconduct.

### e. *Plaintiff has failed to state a claim against County Defendants*

Finally, Plaintiff claims that the County Defendants are liable for violations of Plaintiff's constitutional and contractual rights arising from Sheriff Chapman's termination of Plaintiff. Specifically, Plaintiff asserts that Defendants have entered into a Cooperative Agreement which provided Plaintiff with certain procedural guarantees with regard to grievance procedures.

But Sheriff Chapman is a constitutional officer, elected by the voters. *See* VA. CODE ANN. § 15.2-1600; *Sherman v. Richmond*, 543 F. Supp. 447, 449 (E.D. Va. 1982). Sheriff

7

Chapman is not an employee of County Defendants, nor is he otherwise subject to their control with regard to the hiring or firing of his deputies. *See id.*; *see also* VA. CODE ANN. § 15.2-1603. County Defendants thus cannot be held responsible for Sheriff Chapman's termination decisions.

Plaintiff's reliance on the Cooperative Agreement is unavailing. Plaintiff claims that the Cooperative Agreement imposed some responsibility on the County Defendants to "prevent the unlawful deprivation of rights and unlawful termination" of Plaintiff. *See* Dkt. 12 at 23. But the language of the Cooperative Agreement clearly states that "this Agreement conforms to the provisions of § 15.2-1603 of the Code of Virginia, 1950 edition, as amended, and does not abrogate the Sheriff's full authority to direct and control his deputies and to remove them from appointment." *See* Dkt. 18-2 at 2. County Defendants cannot have had a responsibility to suspend performance of the Cooperative Agreement simply because Sheriff Chapman exercised his statutory authority to remove a deputy from his appointment.

Additionally, Plaintiff's Section 1983 claims against the County Defendants fail because Plaintiff has not alleged any specific fact to show that County Defendants "officially sanctioned or ordered" any decision by Sheriff Chapman. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Nor has Plaintiff alleged any specific official policy or custom of County Defendants that caused a deprivation of Plaintiff's rights. The Amended Complaint claims that Human Resources employee Laurie Hunter "customarily provided advice" to Sheriff Chapman on personnel matters, and that she was "involved in every hiring and firing decision" he made, but offers no further detail and does not describe how this translates into an official policy by County Defendants, given that County

8

Defendants had no legal authority to direct Sheriff Chapman's employment decisions regarding his deputies. *See* Dkt. 12 at 16.

Plaintiff has provided no reason for this Court to depart from clear legal precedent instructing that a local government has no liability for a sheriff's decision to terminate the employment of his deputies. Therefore Plaintiff's claims against the Board and the County must be dismissed in their entirety.

### IV. CONCLUSION

For these reasons and for good cause shown, the Court hereby **GRANTS** the Motions to Dismiss filed by Defendant Michael Chapman (Dkt. 14) and Defendants Board of Supervisors of Loudoun County, Virginia and Loudoun County, Virginia (Dkt. 17). This case is hereby **DISMISSED**, and the Clerk of Court is instructed to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

It is **SO ORDERED.**

April 4, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge